# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OZZIE PASKELL, | CASE NO. 1:10-CV-01419-DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND |
| v. | |
| WASCO STATE PRISON, | (DOC. 1) |
| Defendant. | RESPONSE DUE WITHIN THIRTY DAYS |

### Screening Order

**I.   Background**

Plaintiff Ozzie Paskell ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on August 9, 2010. Doc. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.     Summary Of Complaint and Analysis

Plaintiff was previously incarcerated at Wasco State Prison ("WSP") in Wasco, California ,where the events giving rise to this action occurred. Plaintiff names WSP as Defendant.

Plaintiff's complaint is partially illegible. Based on what the Court can decipher, Plaintiff complains that he did not receive notice of a water bill concerning E. coli in the water. Plaintiff appears to allege that the notice was issued on July 15, 2010. Plaintiff complains that he suffered from headaches, vomiting, and diarrhea since July 3, 2010. Plaintiff seeks as relief monetary damages.

First, Plaintiff admits that he did not exhaust administrative remedies prior to filing this action. Plaintiff indicates on page 2 of his complaint, in response to the question "Is the process completed?", Plaintiff responded by checking "No." Plaintiff explains that he has not been through all the procedures. Plaintiff apparently submitted the language in his grievance in this action. Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to suit. As the record is clear that Plaintiff concedes he did not exhaust, Plaintiff's complaint must be dismissed. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003).

Second, Defendant WSP is entitled to Eleventh Amendment immunity. The Eleventh Amendment bars suits against state agencies, as well as those where the state itself is named as a defendant. *Lucas v. Dep't Of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Here, Plaintiff names as Defendant WSP. WSP is

operated by CDCR, a state agency, which has Eleventh Amendment immunity from suit. Plaintiff thus fails to state a claim under § 1983 against WSP.

Third, Plaintiff fails to state a claim against Defendant WSP.  Plaintiff appears to contend a conditions of confinement claim. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  *Id.*; *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986).  To establish a violation of this duty, the inmate must establish that prison officials were deliberately indifferent to a substantial risk of serious harm to the inmate's safety. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994).  The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . ." *Id*. (*citing Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837.  Here, Plaintiff fails to allege that Defendant WSP knew of and disregarded an excessive risk to Plaintiff's health.  Plaintiff complains that he did not receive notice of any issues with the water at WSP until after he had already started to suffer from headaches, vomiting, and diarrhea.

Finally, Plaintiff fails to link any Defendant to a violation of Plaintiff's constitutional or federal rights.  To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).  Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976); *see also Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) ("A person subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.").

3

1  **III.    Conclusion and Order**

2        Plaintiff fails to state any cognizable claims against any Defendants.  The Court will
3  provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies
4  identified by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).
5  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended
6  complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

7        If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ.
8  P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's
9  constitutional or other federal rights.  *Iqbal*, 129 S. Ct. at 1949.   Although accepted as true, the
10 "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . .
11 ."  *Twombly*, 550 U.S. at 555.

12       Finally, Plaintiff is advised that an amended complaint supersedes the original complaint,
13 *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567
14 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded
15 pleading," L. R. 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original
16 complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567
17 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*,
18 114 F.3d at 1474.

19       Accordingly, based on the foregoing, it is HEREBY ORDERED that:

20     1.      The Clerk's Office shall send Plaintiff a complaint form;

21     2.      Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an
22           amended complaint within **thirty (30) days** from the date of service of this order;
23           and

24     3.      If Plaintiff fails to comply with this order, the Court will dismiss this action for
25           failure to obey a court order and failure to state a claim.

26       IT IS SO ORDERED.

27     Dated:   **April 6, 2011**             /s/ **Dennis L. Beck**
28                                            UNITED STATES MAGISTRATE JUDGE